Peter CLINCO, Plaintiff—Appellant,

v.

Dennis ROBERTS, aka Dennis Barry Roberts, Defendant—Appellee;

and

The Capricorn II 1989 Trust, Dennis Roberts, Trustee; et al., Defendants.

No. 01–57089.

D.C. No. CV–98–09263–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

In this diversity action, attorney Peter Clinco appeals pro se the district court's judgment in favor of Dennis Roberts following a bench trial on Clinco's intentional infliction of emotional distress ("IIED") claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and its conclusions of law de novo. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002). We affirm.

The district court did not err by finding that Roberts' conduct did not constitute IIED, or by relying on *Cochran v. Coch-*

*ran*, 65 Cal.App.4th 488, 76 Cal.Rptr.2d 540, 546 (Cal.Ct.App.1998), as legal precedent. The evidence adduced at trial was more analogous to the facts of *Cochran* than the facts of *Kiseskey v. Carpenters' Trust for So. Cal.*, 144 Cal.App.3d 222, 192 Cal.Rptr. 492, 496 (Cal.Ct.App.1983).

We are unpersuaded by Clinco's contention that the district court erred by allowing Roberts to introduce evidence regarding the parties' on-going dispute over the ownership of a Toyota Land Cruiser. The evidence was relevant to Roberts' mental state at the time he sent the offending communications. *See* Fed.R.Evid. 401 (defining relevant evidence); *Cochran*, 76 Cal. Rptr.2d at 543 (stating IIED claim requires plaintiff to prove defendant acted intentionally or recklessly to cause emotional distress); *see, e.g., Saridakis v. United Airlines*, 166 F.3d 1272, 1278 (9th Cir.1999) (holding collective bargaining agreement relevant to union member's IIED claim). Furthermore, we reject Clinco's contention that he was "blindsided" by this evidence. He has not pointed to any place in the record where he sought either to introduce rebuttal evidence or to adjourn to prepare a rebuttal. *See, e.g., Nguyen v. Southwest Leasing and Rental Inc.*, 282 F.3d 1061, 1067 (9th Cir.2002) (concluding party entitled to rebut even erroneously admitted evidence pursuant to doctrine of curative admissibility); *Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir.2000) (dismissing appeal where appellant failed to support his factual assertions with citations to the record).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.